

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAY EDDIE MCGUIRE, JR.,<br><br>　　　　Defendant. | CR No. CR 19-00548-DMG<br><br>**I N D I C T M E N T**<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii): Possession with<br>Intent to Distribute<br>Methamphetamine; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of Ammunition; 21 U.S.C. § 853, 18<br>U.S.C. § 924(d)(1) and 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 17, 2019, in Los Angeles County, within the Central District of California, in an apartment, defendant JAY EDDIE MCGUIRE, JR. knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 305.57 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 17, 2019, in Los Angeles County, within the Central District of California, in a car, defendant JAY EDDIE MCGUIRE, JR. knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 1,160.51 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about January 17, 2019, in Los Angeles County, within the Central District of California, defendant JAY EDDIE MCGUIRE, JR. knowingly possessed ammunition, namely, approximately 94 rounds of Industrias Tecnos .25 ACP caliber ammunition, in and affecting interstate and foreign commerce.

Defendant MCGUIRE possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes punishable by a term of imprisonment exceeding one year:

(1) Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number SA081427, on or about October 12, 2012;

(2) Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number BA407357, on or about February 15, 2013;

(3) Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number BA407568, on or about February 15, 2013;

(4) Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number BA429081, on or about January 2, 2015; and

(5) Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court of the

State of California, County of Los Angeles, Case Number BA456098, on or about April 18, 2017.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

//

1   placed beyond the jurisdiction of the court; (d) has been
2   substantially diminished in value; or (e) has been commingled with
3   other property that cannot be divided without difficulty.

                                            A TRUE BILL

                                            /S/
                                        Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

CHRISTINA T. SHAY
Assistant United States Attorney
Deputy Chief, General Crimes Section

LAUREN RESTREPO
Assistant United States Attorney
Cyber & IP Crimes Section